```
                                        FILED
                                     BILLINGS DIV.

                                   2008 SEP 30  AM 11 07

                                   PATRICK E. DUFFY, CLERK
                                   BY _____
                                          DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| | | |
|---|---|---|
| E.B. WEISS, | ) | CV-08-56-BU-RFC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | ORDER |
| SHOSHONE COUNTY CLERK AND | ) | |
| RECORDERS OFFICE, WALLACE, IDAHO; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On August 27, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that this matter be transferred to the United States District Court for the District of Idaho.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Petitioner filed a document on September 2, 2008, which states: "I have read the instructions and recommend that this matter be transferred to U.S. District Court for the District of Idaho. This I agree [*sic.*] and the Court of

1

Judge Kleinfeld. Northern District, Coeur d'Alene, ID." This does not appear to be an objection by Petitioner.

Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

The proper venue for a civil action based upon a federal question such as this case is defined by 28 U.S.C. § 1391 as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, the respondent is an Idaho County Clerk and Recorders Office. The property at issue is all located in Idaho. Thus, 28 U.S.C. §1391(b) applies and venue for this suit lies not in the Montana Federal District Court but in the District of Idaho.

Title 28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

2

justice, transfer such case to any district or division in which it could have been brought." It is in the interest of justice to transfer this case to the District of Idaho.

The Clerk of Court shall notify the parties of the making of this Order and transfer this matter to the United States District Court for the District of Idaho.

DATED this 30 day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE